# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HELEN LINDSEY** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **LLC, and EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, TRANS UNION,** ) | |
| **LLC, SYNCHRONY FINANCIAL** ) | |
| **F/K/A GE CAPITAL RETAIL BANK;** ) | |
| ) | |
|    **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Helen Lindsey, by and through her undersigned counsel, and for her complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Helen Lindsey, is over the age of nineteen (19) years and is a resident of the city of Bessemer in Jefferson County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Portfolio Recovery Associates, LLC, (hereinafter referred to as "PRA") is a Limited Liability Company formed in the State of Delaware that is authorized to do business in this judicial district.

4. As part of its business, PRA furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

5. PRA provides consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

6. Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times done business in this district.

7. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times done business in this district.

9. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

10. Trans Union, LLC (hereinafter "Trans Union") is a Delaware Corporation that has a principal place of business in Illinois. Trans Union does and has at all pertinent times done business in this district.

11. Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

12. Upon information and belief, Defendants Experian, Trans Union and Equifax are regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

13. Upon information and belief Experian, Trans Union and Equifax disburse consumer reports to third parties for monetary compensation.

14. Defendant Synchrony Financial f/k/a GE Capital Retail Bank (hereinafter referred to as "Synchrony") is a foreign corporation organized under the laws of the State of Delaware that was, at all pertinent times herein, doing business in this judicial district.

15. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

16. At some time prior to the events made the basis of this lawsuit, Plaintiff was indebted to Synchrony on a credit card for Lowe's, a home improvement store. Lowe's is not a party to this action.

17. In addition to the Lowe's credit card, at some time prior to the events made the basis of this lawsuit, Plaintiff was indebted to Synchrony on a credit card for Toys R Us, a children's department store. Toys R Us is not a party to this action.

### *The Synchrony/Lowe's Credit Account*

18. Upon information and belief, at some time prior to July 22, 2014, the Synchrony/Lowe's account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant PRA.

19. Upon information and belief, the Lowe's account when it was sold, assigned and/or transferred to Defendant PRA had a balance due of $3,141.96.

20. On July 22, 2014, PRA filed suit against Plaintiff in the Circuit Court of Jefferson County, Alabama, Bessemer Division. The lawsuit filed by PRA was assigned case number 68-CV-2014-900528.

21. On November 13, 2014, the lawsuit filed by PRA over Plaintiff's alleged debt on the Synchrony/Lowe's account came to trial.

22. Counsel for PRA and for Plaintiff appeared at trial. Following a brief discussion, and based upon the fact that despite being present for trial, PRA's attorney had not brought any witnesses to give testimony, PRA's attorney agreed to dismiss the case against Plaintiff with prejudice.

23. That same day, November 13, 2014, the Court entered an Order in the case reflecting that the case was dismissed with prejudice.

24. On January 5, 2015, Plaintiff wrote to the three main credit bureaus, TransUnion, Equifax and Experian, to request reinvestigation of the Synchrony/Lowe's trade line and related PRA trade line on her credit reports.

25. The basis for Plaintiff's request for reinvestigation, or dispute, of the Synchrony/Lowe's trade line was that the Synchrony/Lowe's debt was sold to PRA. After PRA filed suit against the Plaintiff on the Synchrony/Lowe's debt, the case was dismissed with prejudice. Because the Plaintiff did not owe PRA any money per the Court's Order, she did not owe Synchrony either.

26. Plaintiff's dispute letters to the credit bureaus contained a copy of the Court's Order dismissing PRA's lawsuit against her and provided contact information for the Jefferson County Bessemer Division Circuit Clerk's office, contact information for the Judge that handled the case and contact information for PRA's attorney. This information was intended to assist the credit bureaus with their reinvestigation of PRA's entry and Synchrony/Lowe's entry on her credit reports.

27. The dispute letters were sent by certified mail, return receipt

requested.

28. Defendant Trans Union received Plaintiff's dispute and request for reinvestigation on January 9, 2015.

29. Defendant Equifax received Plaintiff's dispute and request for reinvestigation on January 7, 2015.

30. Defendant Experian received Plaintiff's dispute and request for reinvestigation on January 7, 2015.

### *Results of Experian's Reinvestigation of PRA and Synchrony/Lowe's Trade Lines*

31. On or about January 9, 2015, two days after receiving the request for reinvestigation that enclosed the Court Order dismissing PRA's case against the Plaintiff, Defendant Experian sent a letter to the Plaintiff that stated as follows:

> Dear HELEN R LINDSEY
>
> We have reviewed the documentation you provided with your dispute, but have determined that we are not able to use it to make the changes or deletions you requested.  We are contacting the furnisher of the information or the vendor who collected the information from a public record source.  When we complete our processing of your dispute, which may take up to 30 days (or up to 45 days for a dispute of information in an annual free credit report), we will send you the results.

32. On or about January 21, 2015, Experian sent the results of its reinvestigation. Experian's reinvestigation did not change or update Plaintiff's credit report as a result of its reinvestigation except to note that the PRA account information was "disputed by consumer" and that the Synchrony/Lowe's account was "sold to PRA."

### Results of Trans Union's Reinvestigation of PRA and Synchrony/Lowe's Trade Lines

33. On or about January 22, 2015, less than a month after receiving the Plaintiff's request for reinvestigation, Trans Union sent the results of its reinvestigation.

34. Trans Union deleted the PRA trade line as the Plaintiff requested.

35. With regard to the Synchrony/Lowe's trade line, Trans Union's reinvestigation did not change or update Plaintiff's credit report as a result of its reinvestigation except to note that the Synchrony/Lowe's account was "sold to PRA."

### Results of Equifax's Reinvestigation of PRA and Synchrony/Lowe's Trade Lines

36. On or about January 21, 2015, less than a month after receiving Plaintiff's request for reinvestigation, Equifax sent Plaintiff the

results of its reinvestigation.

37. Equifax, in its July 28, 2014 correspondence, contained a heading titled: "The Results of Our Reinvestigation." Under this heading, Equifax wrote: "**We have reviewed your concerns and our conclusions are**: The disputed accounts cv2014900527 and 68cv2014900528 are currently not reporting on the Equifax file."

38. Plaintiff did not dispute "accounts cv2014900527 and 68cv2014900528" in her dispute and request for reinvestigation letter. In fact, Plaintiff's letter to Equifax clearly identified the accounts she requested that Equifax reinvestigate.

39. Included in Equifax's January 21, 2015 correspondence is the disputed PRA entry. The correspondence states "This creditor [PRA] has verified to OUR company that the balance is being reported correctly." The account trade line was also updated to reflect that Plaintiff was disputing the account information.

40. With regard to Plaintiff's request to reinvestigate the Synchrony/Lowe's trade line, the trade line was also updated to reflect that Plaintiff was disputing the account information.

41. Despite Plaintiff's dispute and the evidence provided to Defendants

Experian, Trans Union and Equifax, those Defendants failed to conduct a reasonable reinvestigation as requested by the Plaintiff.

42. This inaccurate information negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

*PRA's Response to Plaintiff's Requests for Reinvestigation of the Synchrony/Lowe's Account Purchased or Assigned to PRA*

43. On or about January 22, 2015, PRA sent a letter to Plaintiff's counsel regarding the Plaintiff and the Synchrony/Lowe's account that it filed suit over and then dismissed with prejudice.

44. The letter stated: "Portfolio Recovery Associates, LLC ("PRA, LLC") has concluded its investigation of your client's dispute.  In response to your dispute related to the above account, PRA, LLC has enclosed additional documentation for your client's review." The letter further went on to state: "PRA, LLC now considers this dispute resolved in favor of our company."

45  Enclosed with the letter was what appears to be a Lowe's credit card statement from 2012.

46. The January 22, 2015 letter from PRA also states that it is from a debt collector and is an attempt to collect a debt.

47. Despite no subsequent communication with PRA regarding this alleged debt, on April 21, 2015, Plaintiff's counsel received another letter from PRA. This letter indicated that PRA had again "concluded its investigation" of Plaintiff's account and that PRA was requesting that "the three major credit reporting agencies delete PRA, LLC's trade line for this account on your client's credit reports."

### *The Synchrony/Toys R Us Credit Account*

48. Upon information and belief, at some time prior to July 22, 2014, the Synchrony/Toys R Us account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant PRA.

49. Upon information and belief, the Synchrony/Toys R Us account when it was sold, assigned and/or transferred to Defendant PRA had a balance due of $5,293.25.

50. On July 22, 2014, PRA filed suit against Plaintiff in the Circuit Court of Jefferson County, Alabama, Bessemer Division. The lawsuit filed by PRA was assigned case number 68-CV-2014-900527.

51. On November 10, 2014, the lawsuit filed by PRA over Plaintiff's alleged debt on the Synchrony/Toys R Us account came to trial.

52. Counsel for PRA and for Plaintiff appeared at trial. Following trial,

the Court, per its order of November 10, 2014, found in favor of Helen Lindsey and against PRA.

53. On January 5, 2015, Plaintiff wrote to the three main credit bureaus, TransUnion, Equifax and Experian, to request reinvestigation of the Synchrony/Toys R Us trade line on her credit reports.  This request for reinvestigation was a part of the same letter requesting reinvestigation of the Synchrony/Lowe's and PRA trade lines as set out above and asked that the Synchrony/Toys R Us trade line be deleted since the account was sold to PRA, who filed suit, took the matter to trial and lost the trial.

54. Defendants Trans Union, Equifax and Experian all allegedly reinvestigated the Synchrony/Toys R Us trade line on Plaintiff's credit reports.

55. As a result of Defendant Trans Union's reinvestigation of the Synchrony/Toys R Us trade line, the Synchrony/Toys R Us trade line was "updated" to show that the account was "sold to PRA." The account was not updated to reflect that Plaintiff disputed the trade line.

56. As a result of Defendant Equifax's reinvestigation of the

Synchrony/Toys R Us trade line, the Synchrony/Toys R Us trade line was "updated" to show that the account was disputed by the Plaintiff.

57. As a result of Defendant Experian's reinvestigation of the Synchrony/Toys R Us trade line, the Synchrony/Toys R Us trade line was "updated" to show that the account was disputed by the Plaintiff.

58. Despite Plaintiff's dispute and the evidence provided to Defendants Experian, Trans Union and Equifax, those Defendants failed to conduct a reasonable reinvestigation as requested by the Plaintiff.

59. This inaccurate information negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS TRANS UNION, EXPERIAN AND EQUIFAX

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendants Trans Union, Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files they publish and maintain concerning the Plaintiff.

62. Trans Union, Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to PRA and/or Synchrony Financial; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

63. As a result of this wrongful conduct, action and inaction of Trans Union, Experian and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

64. Trans Union, Experian and Equifax's respective conduct was willful, rendering them all liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the

alternative, Trans Union, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union, Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT PRA

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. PRA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax the inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the PRA representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax and Experian; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRA representations to the consumer reporting agencies.

68. After receiving notification from Equifax, Experian and possibly Trans Union about Plaintiff's disputed account, PRA did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.  Further, PRA verified the Plaintiff's account to the Defendant credit reporting agencies in response to each dispute it received from the Defendant credit reporting agencies.

69. As a result of PRA's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

70. PRA's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

71. The Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C.

§1681n and §1681o

## COUNT THREE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT PRA

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions of Defendant PRA and its employees and agents constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

74. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PRA.

## COUNT FOUR
## DEFAMATION

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. PRA intentionally and falsely represented through Experian and

Equifax to all of Plaintiff's potential and current lenders that Plaintiff was indebted to it under the former Synchrony/Lowe's account when PRA knew, or should have known, that the lawsuit it filed regarding the alleged debt was dismissed by a court of competent jurisdiction.

77. Said false representations made by PRA were injurious to Plaintiff's reputation and creditworthiness in the community.

78. Said false representations made by PRA were not privileged and were not consented to by Plaintiff.

79. PRA's defamation of Plaintiff was willful and with malice. PRA did not have any reasonable basis to believe that the Plaintiff was responsible for the former Synchrony/Lowe's account reported to Experian and Equifax.  It also had substantial evidence by which to have verified that the Plaintiff's debt that it filed suit over was dismissed with prejudice and was no longer due and owing and that it had no legal right to collect the alleged debt.

80. PRA willfully determined to follow procedures which did not review, confirm or verify whether or not its lawsuits against consumers, such as the Plaintiff, were successful or not successful.

81. Further, even if PRA were to attempt to plead ignorance, after

November 13, 2014, it knew through its counsel that its lawsuit against the Plaintiff was dismissed with prejudice.

82. Despite having counsel at trial who agreed that PRA's case against the Plaintiff was due to be dismissed with prejudice, PRA intentionally and willfully reported that Plaintiff was indebted to it when it knew or should have known that Plaintiff was not liable for the account claimed.

83. Wherefore, Plaintiff seeks judgment in his favor against PRA for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintif

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Mrs. Helen Lindsey
139 McCalla Road
Bessemer, AL 35022

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**TRANS UNION, L.L.C.**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, AL 36104

**SYNCHRONY FINANCIAL**
c/o Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801