## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELEN LINDSEY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:15-cv-00983-RDP** |
| | } | |
| **PORTFOLIO RECOVERY** | } | |
| **ASSOCIATES, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### AGREED PROTECTIVE ORDER

This lawsuit is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material").  Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order, and for good cause, it is further ORDERED AS FOLLOWS:

1.      All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose.  In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

2.      If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL."  Any information or document so marked shall not be

disclosed to any person except as may be permitted by this Order.  The designation of any information as "CONFIDENTIAL" shall be made in good faith.

If a party or non-party producing documents in this action believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing party if particular documents it designates as "CONFIDENTIAL" are disclosed to all other parties or non-parties to this action, the producing party may designate those particular documents as "CONFIDENTIAL—Attorneys' Eyes Only."

3.      This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4.      The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential.  All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.  Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential.   No designation as "CONFIDENTIAL" is necessary for purposes of this order.

5.      The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition.  If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation.  Simply denominating testimony as confidential is insufficient for purposes of this Order.  The designation of testimony as confidential will not render the entire deposition as confidential.  Only the specific portion of the testimony will

receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court in accordance with paragraph eleven (11) of this Order.

6.      Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7.      If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

8.      Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date.  Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

9.      The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10.      With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation.  Counsel shall attempt to resolve the dispute informally.  If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question.  If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion.  The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

11.      Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party.  The filing of the materials under seal shall not be binding on the Court,

however.  Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL."

12.    After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court.  Further, within sixty (60) days after the final termination of this litigation, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

13.    This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information.  It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege.  Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

14.    Inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

5

15.     Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

**DONE** and **ORDERED** this October 9, 2015.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

6

**AGREED TO BY:**

*s/ W. Whitney Seals*
W. Whitney Seals
PATE AND COCHRUN, LLP
P. O. Box 10448
Birmingham, AL  35202-0448
Phone:  (205) 323-3900
Facsimile:  (205) 323-3906
filings@plc-law.com

Attorney for Plaintiff
SHAUN J. YOUNGER

*s/ Alan D. Leeth*
Alan D. Leeth (LEE038)
Zachary D. Miller (MIL135)
Ryan J. Hebson (HEB003)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
zmiller@burr.com
rhebson@burr.com

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC

_s/ L. Jackson Young, Jr._
L. Jackson Young, Jr.
Ferguson Frost & Dodson, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL  35243
Telephone:  (205) 879-8722
Facsimile:  (205) 879-8831
E-mail:  ljy@ffdlaw.com

Allison Fuller
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
Email: afuller@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.


_s/ Misty L. Peterson_
Misty L. Peterson
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4939
Facsimile: (404)572-5100
E-mail: mpeterson@kslaw.com

Kirkland E. Reid
JONES, WALKER, WECHTER, POITVENT, CARRERE & DENEGRE
11 N. Water Street, Suite 1200
Telephone: (251) 439-7513
Facsimile:  (251) 433-1001
Email: kreid@joneswalker.com

Attorneys for Defendant
EQUIFAX INFORMATION SERVICES LLC


_s/ Matthew Robinett_
Matthew Robinett
Norman Wood Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South

Birmingham, AL  35205
Telephone:  (205) 328-6643
Email:  mrobinett@nwkt.com

Attorneys for Defendant
TRANS UNION LLC

*s/ Harlan F. Winn III*
Robert E. Battle (ASB-7807-T67R)
Harlan F. Winn III (ASB-7322-N73H)
BATTLE & WINN LLP
2901 Second Avenue South, Suite 220
Birmingham, AL 35233
Telephone: (205) 397-8160
rbattle@battlewinn.com
hwinn@battlewinn.com

Attorneys for Defendant
SYNCHRONY BANK, F/K/A GE CAPITAL RETAIL BANK

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **HELEN LINDSEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:15-cv-00983-RDP** |
| } | |
| **PORTFOLIO RECOVERY** } | |
| **ASSOCIATES, LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

## <u>AFFIRMATION</u>

The undersigned hereby affirms that the undersigned has read and understands the Agreed Protective Order dated _____, 2015; is and hereby does become a party to such Agreed Protective Order; and agrees to abide by the terms thereof.  This affirmation and agreement is being made to induce the parties to said actions to make available to the undersigned certain items designated as "CONFIDENTIAL."

Done this _____ day of _____, 20___.

Name _____

Signature _____